UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MITCHELL ROSE,

                          Plaintiff,                  **MEMORANDUM AND ORDER**

-against-                                               16 Civ. 3550 (BMC)

JACK DORSEY, CEO, TWITTER,

                          Defendant.
----------------------------------------------------------------X
**COGAN**, District Judge.

Plaintiff Mitchell Rose, appearing *pro se*, filed this action against defendant alleging fraud. Plaintiff alleges that he "suffer[ed] loses [sic] from fraudulent advertisement and deceit[,] loses [sic] exceeding $1500." He seeks $2 million in damages for "emotional distress, embarrassment & mental anguish." Plaintiff paid the statutory filing fee to commence this action. The complaint is dismissed as set forth below.

**Standard of Review**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. In reviewing the complaint, the Court is aware that plaintiff is proceeding *pro se* and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or that the Court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## Discussion

Federal courts are courts of limited jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). The basic statutory grants of federal court subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "federal-question" jurisdiction, § 1332 for "diversity of citizenship" jurisdiction. Here, plaintiff invokes § 1331 jurisdiction, however, plaintiff's complaint suggests no basis for federal-question jurisdiction. A claim invoking federal-question jurisdiction under § 1331, may be dismissed for want of subject-matter jurisdiction if it is not colorable, *i.e.*, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Bell v. Hood, 327 U.S. 678, 682-83 (1946); see also Steel Co. v. Citizens for Better Env't, 523 U.S. 83, 89 (1998); S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 132 (2d Cir. 2010). "Where jurisdiction is lacking, . . . dismissal is mandatory." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); see also Fed. R. Civ. P. 12(h)(3).

Even if the Court had subject-matter jurisdiction, the complaint would still be dismissed because plaintiff fails to allege any facts to support his claims of "fraud" and "fraudulent advertisement." A complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of "further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, Rule 9(b) of the Federal Rules of Civil Procedure sets forth a heightened pleading standard for any claim of fraud.

## **Conclusion**

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In light of plaintiff's *pro se* status, the Court grants plaintiff leave to file an amended complaint should plaintiff have a good faith basis to invoke the Court's jurisdiction and to provide a statement of claim against defendant within 20 days from the date of this Order. If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 16 Civ. 3550 (BMC). If plaintiff fails to file an amended complaint within the time allowed, judgment dismissing the complaint shall be entered. Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                      U.S.D.J.

Dated: Brooklyn, New York
       June 30, 2016